FILED

MAY 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MORTON BERGER,

               Petitioner - Appellant,

  v.

THOMAS C HORNE, The Attorney
General of the State of Arizona and
CHARLES L. RYAN, Director, Arizona
Department of Corrections,

               Respondents - Appellees.

No. 11-17316

D.C. No. 2:09-cv-02689-DGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted April 16, 2013
San Francisco, California

Before: SCHROEDER, THOMAS and SILVERMAN, Circuit Judges.

    Petitioner Morton Berger appeals from the district court's denial of his 28

U.S.C. § 2254 petition for a writ of habeas corpus. After being convicted of

twenty counts of possession of child pornography, a class two felony and a

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

dangerous crime against children in the first degree, in violation of Arizona Revised Statutes §§ 13-3551, 13-3553, and 13-604.01 (renumbered as A.R.S. § 13-705), Berger was sentenced to a ten-year sentence for each conviction, with the terms to run consecutively as mandated by Arizona Revised Statutes §§ 13-604.01 and 13-3553. Berger challenged the sentence on direct appeal, arguing that the total sentence of 200 years was unconstitutional under the Eighth Amendment of the United States Constitution. The Arizona Supreme Court rejected his argument and upheld the sentence.

Berger raises the same Eighth Amendment challenge in his federal habeas petition. The district court concluded that the Arizona Supreme Court's resolution of Berger's Eighth Amendment challenge was not contrary to or an unreasonable application of clearly established Supreme Court precedent. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253 and now affirm.

Berger contends that for the purposes of his Eighth Amendment challenge, the Arizona Supreme Court should have assessed whether his aggregate 200-year sentence raised an inference of gross disproportionality. The Arizona Supreme Court disagreed and assessed the constitutionality of each ten-year sentence individually. This decision was not contrary to or an unreasonable application of clearly established Supreme Court precedent because there is no clearly established

law on this point. *See Stenson v. Lambert*, 504 F.3d 873, 881 (9th Cir. 2007) ("Where the Supreme Court has not addressed an issue in its holding, a state court adjudication of the issue not addressed by the Supreme Court cannot be contrary to, or an unreasonable application of, clearly established federal law.").

We further hold that the Arizona Supreme Court's decision was not contrary to and did not unreasonably apply clearly established Supreme Court law when concluding that a ten-year sentence for the crime of possessing child pornography depicting a minor under the age of fifteen does not raise an inference of gross disproportionality. *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) ("[I]n this case, the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case."). The Arizona Supreme Court was not objectively unreasonable in its comparison of the gravity of the offense to the harshness of the penalty, including its assessment of the Arizona State Legislature's penological justifications for its sentencing scheme, Berger's mental state and motive in committing the crime, and the actual harm caused by his conduct, as well as the absolute magnitude of the crime. *See Ewing v. California*, 538 U.S. 11, 28–29 (2003); *Solem v. Helm*, 463 U.S. 277, 292–93 (1983).

**AFFIRMED.**